1   MICHAEL J. STORTZ (SBN 139386)
    Michael.Stortz@dbr.com
2   MATTHEW J. ADLER (SBN 273147)
    Matthew.Adler@dbr.com
3   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
4   San Francisco, CA  94105-2235
    Telephone:     (415) 591-7500
5   Facsimile:     (415) 591-7510

6   MICHAEL W. MCTIGUE JR.*
    Michael.McTigue@dbr.com
7   MEREDITH C. SLAWE*
    Meredith.Slawe@dbr.com
8   DRINKER BIDDLE & REATH LLP
    One Logan Square, Ste. 2000
9   Philadelphia, PA  19103-6996
    Telephone:     (215) 988-2700
10  Facsimile:     (215) 988-2757

11  Attorneys for Defendants
    COMCAST CORPORATION, COMCAST CABLE
12  COMMUNICATIONS MANAGEMENT, LLC, and
    COMCAST CABLE COMMUNICATIONS, LLC
13  *pro hac vice to be sought

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17

18   RICHARD WUEST,                        Case No. _____

19              Plaintiff,                 **DEFENDANTS COMCAST
                                           CORPORATION, COMCAST CABLE
                                           COMMUNICATIONS MANAGEMENT,**
20         v.                              **LLC, AND COMCAST CABLE
                                           COMMUNICATIONS, LLC'S NOTICE OF**
21   COMCAST CORPORATION;                  **REMOVAL**
     COMCAST CABLE
22   COMMUNICATIONS MANAGEMENT,
     LLC; COMCAST CABLE
23   COMMUNICATIONS, LLC; and DOES 1
     through 50, inclusive,

24              Defendants.

25

26

27

28

**PLEASE TAKE NOTICE** that Defendants Comcast Corporation, Comcast Cable Communications Management, LLC, and Comcast Cable Communications, LLC (collectively "Comcast") remove the above-captioned action (the "Action") from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this removal, Defendants state as follows:

## JURISDICTIONAL STATEMENT

1.     This Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"), which creates federal diversity jurisdiction over putative class actions that have: (1) minimal diversity; (2) 100 or more class members; and (3) an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453. As set forth below, this Action satisfies every applicable prerequisite, and is timely and properly removed by the filing of this Notice of Removal.[1]

2.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

3.     This Action has been styled as a class action. *See* Compl. ¶¶ 1, 21-33.

### A.     Minimal Diversity Exists

4.     CAFA requires only minimal diversity, i.e., that "any member of a class of

---

[1]     Strictly speaking, CAFA's amount in controversy requirement is located in Section 1332, which applies to actions that are filed by plaintiffs, not Section 1453, which applies to actions that are removed by defendants. Although the default rule is that an action is only removable if it could have been filed in federal court originally, Congress can "expressly provid[e]" otherwise. *See* 28 U.S.C. § 1441(a). Here, Section 1453(b) states that an action may be removed so long as it is a "class action." *See* 28 U.S.C. § 1453(b) ("A class action may be removed."). Nothing in Section 1453(b) suggests that removed actions must also satisfy Section 1332. *Cf.* 14B Charles A. Wright et al., Federal Practice & Procedure § 3724 (4th ed. 2009). Indeed, the plain language of Section 1453 suggests otherwise, as it incorporates Section 1332's definition of "class action" but not its various other requirements. *See* 28 U.S.C. § 1453(a). This is an academic point here, however, as Section 1332(d) is satisfied in any event. *See infra*.

1    plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

2       5.     Plaintiff Richard Wuest ("Plaintiff") alleges that he is a resident of California. *See*

3 Compl. ¶ 4 ("Plaintiff Richard Wuest is an individual and a resident of California."). Comcast

4 alleges that at the time of this Notice of Removal Plaintiff is a domiciliary and therefore citizen of

5 California because he has no present intention to relocate to another state. *See, e.g.*, *Newman-*

6 *Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (distinguishing residence and domicile).

7       6.     Plaintiff brings this Action on behalf of not only himself but also a putative class

8 of "California citizens." Compl. ¶ 21.

9       7.     Comcast Corporation is a citizen of Pennsylvania because it is organized under the

10 laws of the Commonwealth of Pennsylvania and has its corporate headquarters in the

11 Commonwealth of Pennsylvania. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e

12 conclude that the phrase 'principal place of business' refers to the place where the corporation's

13 high level officers direct, control, and coordinate the corporation's activities. Lower federal

14 courts have often metaphorically called that place the corporation's 'nerve center.' We believe

15 that the 'nerve center' will typically be found at a corporation's headquarters." (internal citations

16 omitted)); *see also* Compl. ¶ 5 ("Defendant Comcast Corporation is a Pennsylvania corporation

17 with headquarters in Philadelphia, Pennsylvania.").

18       8.     Comcast Cable Communications Management, LLC is a citizen of Delaware and

19 Pennsylvania because it is organized under the laws of the State of Delaware and has its corporate

20 headquarters in the Commonwealth of Pennsylvania. *See Hertz Corp.*, 559 U.S. at 80-81; 28

21 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated

22 association shall be deemed to be a citizen of the State where it has its principal place of business

23 and the State under whose laws it is organized."); *see also* Compl. ¶ 6 ("Defendant Comcast

24 Cable Communications Management, LLC is a Delaware corporation with headquarters in

25 Philadelphia, Pennsylvania.").

26       9.     Comcast Cable Communications, LLC is a citizen of Delaware and Pennsylvania

27 because it is organized under the laws of the State of Delaware and has its corporate headquarters

28 in the Commonwealth of Pennsylvania. *See Hertz Corp.*, 559 U.S. at 80-81; 28 U.S.C.

§ 1332(d)(10); *see also* Compl. ¶ 7 ("Defendant Comcast Cable Communications, LLC is a Delaware corporation with headquarters in Philadelphia, Pennsylvania.").

10.     Accordingly, there is complete diversity between Comcast and Plaintiff as well as at least minimal diversity between Comcast and unnamed members of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." (citations omitted)).

**B.     There Are at Least 100 Members in Plaintiff's Putative Class**

11.     CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B).

12.     Plaintiff seeks to represent a class of "[a]ll California citizens who, at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, called one or more of Defendants' customer service telephone numbers from a cellular or cordless telephone while located within the State of California and whose calls were recorded and/or monitored by Defendants without any warning or disclosure at the call outset."  Compl. ¶ 21.  According to the Complaint, "at all relevant times," Comcast "had and followed a policy and practice" of recording or monitoring calls in violation of California Penal Code § 632.7. *Id.* ¶ 37.

13.     Plaintiff alleges that the class he seeks to represent "contains numerous members" and "consists of at least seventy-five individuals." *Id.* ¶¶ 22, 26.

14.     Comcast alleges that, since June 12, 2016, more than 1,000 phone calls were placed to Comcast's customer service telephone numbers by more than 100 California citizens using cellular or cordless telephones while in California.[2]

/ / /

---

[2]     The statute of limitations for a Section 632.7 civil action is one year. *See Quesada v. Banc of Am. Inv. Servs., Inc.*, No. 11-1703, 2012 WL 34228, at *1 (N.D. Cal. Jan. 6, 2012) (citing Cal. Civ. Proc. Code § 340(a); *Montalti v. Catanzariti*, 236 Cal. Rptr. 231 (Cal. Ct. App. 1987))). The limitations period for Plaintiff's claim thus began on or before June 12, 2017. *See infra* ¶ 22.

15.     Accordingly, there are more than 100 prospective class members. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Amount in Controversy Exceeds $5 Million**

16.     CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  It also provides that, "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

17.     Plaintiff alleges that "at all relevant times," Comcast had a "policy and practice" of recording or monitoring calls in violation of California Penal Code § 632.7, and that Comcast is liable to each prospective class member for $5,000 per alleged violation.  Compl. ¶¶ 38-40.

18.     At $5,000 per violation for more than 1,000 calls, *see supra* ¶ 14, the statutory penalties Plaintiff seeks on behalf of the putative class exceed $5,000,000.  *See* Cal. Penal Code § 637.2.

19.     Although Comcast denies that it has violated California Penal Code § 632.7 and thus is not liable to Plaintiff or a putative class,[3] and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount placed "in controversy" by this case—that is, the aggregate value of the damages sought by Plaintiff—exceeds $5,000,000. *See Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

20.     Because (1) minimal diversity exists, (2) there are more than 100 putative class members, and (3) more than $5,000,000 in the aggregate is in controversy, this Court has original subject matter jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A).

21.     Because this Action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

_____
[3]     By removing this action, Comcast does not concede liability, let alone liability of greater than $5,000,000. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute" based on the allegations of a complaint, "not a prospective assessment of defendant's liability." (citing cases)).

# PROCEDURAL STATEMENT

## A. Timeliness

22. Plaintiff commenced this Action on or about June 12, 2017 by filing a complaint in the Superior Court of the State of California, Alameda County, captioned *Wuest v. Comcast Corp. et al.*, No. RG17863621 ("Complaint").

23. Plaintiff purported to serve the Complaint on Comcast on or about June 19, 2017.

24. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice of Removal was timely filed within thirty (30) days of service. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

## B. District

25. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because it embraces the Superior Court of the State of California, Alameda County where this Action was commenced. *See* 28 U.S.C. § 84.

## C. Division

26. Because this action arises in Alameda County, it could be assigned to either the San Francisco Division or the Oakland Division. *See* Civil L.R. 3-2(d).

## D. Attachments

27. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders purportedly served on Comcast as of the date of this Notice of Removal are attached collectively as Exhibit A.

## E. Notices

28. Pursuant to 28 U.S.C. § 1446(d), Comcast will promptly file a copy of this Notice of Removal in the Superior Court of the State of California, Alameda County, and serve Plaintiff with written notice of its filing.

## F. Defenses

29. By removing this Action to this Court, Comcast does not waive any defenses that are available to it under state or federal law. Comcast expressly reserves the right to require that the claims of Plaintiff and/or members of the putative class be decided through individual

arbitration, to move to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Comcast respectfully removes this Action from the Superior Court of California, Alameda County to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: July 19, 2017                          DRINKER BIDDLE & REATH LLP

By:/s/ Michael J. Stortz
    Michael J. Stortz
    Matthew J. Adler

Attorneys for Defendants
COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS
MANAGEMENT, LLC, and COMCAST
CABLE COMMUNICATIONS, LLC

Michael W. McTigue Jr.
Meredith C. Slawe

Of Counsel for Defendants
COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS
MANAGEMENT, LLC, and COMCAST
CABLE COMMUNICATIONS, LLC

# EXHIBIT A

JUN 1 9 2017

2 2S

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; COMCAST CABLE COMMUNICATIONS, LLC;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD WUEST, individually and on behalf of a class of similarly
situated individuals,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 12 2017

CLERK OF THE SUPERIOR COUR,
By Lanette Buffin, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* Rene C. Davidson Courthouse<br><br>Alameda County Superior Court<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>*(Número del caso)* 7 8 5 3 6 2 1 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

Chad Finke

| DATE:<br>*(Fecha)* JUN 1 2 2017 | Clerk, by | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COMCAST CORPORATION

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* JUN 1 9 2017

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

JUN 1 9 2017  2·25/2

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; COMCAST CABLE COMMUNICATIONS, LLC;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD WUEST, individually and on behalf of a class of similarly
situated individuals,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 12 2017

CLERK OF THE SUPERIOR COURT,
By Lanette Buffin, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Rene C. Davidson Courthouse

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

**CASE NUMBER:**
*(Número del Caso):*  17863621

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

Chad Finke

DATE:                                          Clerk, by                                          , Deputy
*(Fecha)*  JUN 1 2 2017          *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  COMCAST Cable Communications Management LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):*  limited liability company
4. ☐ by personal delivery on *(date):*  JUN 1 9 2017

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412 20, 465
www.courtinfo.ca.gov

JUN 1 9 2017

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; COMCAST CABLE COMMUNICATIONS, LLC;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD WUEST, individually and on behalf of a class of similarly
situated individuals,

ENDORSED
FILED
ALAMEDA COUNTY

JUN 12 2017

CLERK OF THE SUPERIOR COURT,
By Lanette Buffin, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse

CASE NUMBER:
*(Número del caso):* RG 17863621

Alameda County Superior Court
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

Chad Finke

| | | |
|---|---|---|
| DATE: | Clerk, by | , Deputy |
| *(Fecha)* JUN 1 2 2017 | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Comcast Cable Communications, LLC

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* limited liability company
4. [ ] by personal delivery on *(date):* JUN 1 9 2017

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   **KELLER GROVER LLP**
    1965 Market Street
3   San Francisco, California 94103
    Telephone: (415) 543-1305
4   Facsimile: (415) 543-7861

5

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF ALAMEDA**

10

11  RICHARD WUEST, individually and on          )   Case No: 17863621
    behalf of a class of similarly situated     )
12  individuals,                                 )   CLASS ACTION
                                                 )
13                          Plaintiff,           )   **COMPLAINT FOR DAMAGES AND**
                                                 )   **INJUNCTIVE RELIEF**
14          v.                                   )
                                                 )   **DEMAND FOR JURY TRIAL**
15  COMCAST CORPORATION; COMCAST                 )
    CABLE COMMUNICATIONS                         )
16  MANAGEMENT, LLC; COMCAST CABLE               )
    COMMUNICATIONS, LLC; and DOES 1              )        BY FAX
17  through 50, inclusive,                       )
                                                 )
18                          Defendants.          )
                                                 )
19                                               )
                                                 )
20                                               )

21

22

23

24

25

26

27

28

ENDORSED
FILED
ALAMEDA COUNTY

JUN 12 2017

CLERK OF THE SUPERIOR COURT,
By Lanette Buffin, Deputy

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel: 415.543.1305 | Fax 415.543.7861

1

## CLASS ACTION COMPLAINT

Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "PC § 632.7 Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1. This class action lawsuit arises out of the policy and practice of Defendants Comcast Corporation, Comcast Cable Communications Management, LLC and/or Comcast Cable Communications, LLC (collectively "Defendants" or "Comcast") to record and/or monitor,[1] without the consent of all parties, consumer-initiated telephone calls made or routed to Defendants' toll-free and other customer service telephone numbers (collectively referred to as "Comcast customer service telephone numbers"), including but not limited to 855-339-0734. Comcast is a provider of television, internet, telephone and home security services throughout the United States, including in California. 855-339-0734 is one of Defendants' toll-free telephone numbers that connects callers to Defendants' live customer service representatives. During the relevant time period, Defendants intentionally and surreptitiously recorded and/or monitored telephone calls made or routed to Defendants' customer service telephone numbers, including 855-339-0734. Defendants did so without warning or disclosing to inbound callers that their calls might be recorded or monitored.

2. Defendants' policy and practice of recording and monitoring consumer-initiated telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

///

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA"). Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

COMPLAINT  1  Case No. _____

3. Because of Defendants' violations, all individuals who called or were routed to one of Defendants' customer service telephone numbers while they were in California and were recorded or monitored by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4. Plaintiff Richard Wuest is an individual and a resident of California.

5. Defendant Comcast Corporation is a Pennsylvania corporation with headquarters in Philadelphia, Pennsylvania. Comcast Corporation systematically and continuously does business in California and with California residents.

6. Defendant Comcast Cable Communications Management, LLC is a Delaware corporation with headquarters in Philadelphia, Pennsylvania. Comcast Cable Communications Management, LLC systematically and continuously does business in California and with California residents.

7. Defendant Comcast Cable Communications, LLC is a Delaware corporation with headquarters in Philadelphia, Pennsylvania. Comcast Cable Communications, LLC systematically and continuously does business in California and with California residents.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

9. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    below. Plaintiff is informed and believes and on that ground alleges that each Defendant acted

2    pursuant to and within the scope of the relationships alleged above, and that each knew or

3    should have known about and authorized, ratified, adopted, approved, controlled, aided and

4    abetted the conduct of all Defendants.

5    **JURISDICTION AND VENUE**

6    10.    This Court has subject matter jurisdiction over this action under California Penal

7    Code §§ 632.7 and 637.2.

8    11.    This Court has personal jurisdiction over the parties because Defendants

9    continually and systematically have conducted business in the State of California. Likewise,

10   Plaintiff's rights were violated in the State of California and arose out of his contact with

11   Defendants from and within California.

12   12.    Venue is proper in this Court because California Code of Civil Procedure §§ 395

13   and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails

14   to designate with the office of the California Secretary of State a principal place of business in

15   California, it is subject to being sued in any county in the state that plaintiff desires. On

16   information and belief, as of the date this Complaint is filed, each named Defendant is a foreign

17   business entity that has failed to designate a principal place of business in California with the

18   office of the Secretary of State.

19   **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

20   13.    Plaintiff is a past customer of Comcast. Plaintiff's customer relationship with

21   Comcast had terminated on or before July 7, 2016. Sometime after July 7, 2016, Plaintiff

22   received a postcard in the mail advertising Comcast's Xfinity television, internet and home

23   security services. The advertisement implored consumers to "Act now and call 1-855-339-

24   0734."

25   14.    Plaintiff is informed and believes and on that ground alleges that Defendants'

26   employees and agents at customer service call centers receive incoming calls from callers

27   including California callers.

28   ///

---

COMPLAINT                                3                        Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

15.     Plaintiff is informed and believes and on that ground alleges that Defendants intentionally have used technology consisting of hardware and/or software or other equipment to carry out a policy and practice of recording and/or monitoring calls routed to Defendants' customer service representatives.

16.     Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at the customer service call centers were and are directed, trained, and instructed to, and did and do, record and/or monitor telephone calls between the customer service representatives and callers, including California callers. Plaintiff, on his own and through investigation by counsel, verified on more than one occasion in 2017 that callers who called 855-339-0734 and were routed to Defendants' customer service representatives routinely were being recorded without having received any warning that their calls were being recorded. No warning disclosure was played while callers were on hold waiting to be transferred to a customer service representative, and no warning was given at the call outset after callers were transferred to a customer service representative.

17.     On and around April 30, 2017 at 3:00 p.m., and while physically located in California, Plaintiff dialed the 855-339-0734 Comcast customer service telephone number on the advertisement he received using his cellular telephone. Plaintiff called 855-339-0734 to inquire about the offer on the advertising postcard.

18.     During Plaintiff's April 30, 2017 telephone call to Comcast, Defendants failed to disclose at the outset of the call that that the telephone conversation with Defendants was being recorded and/or monitored. Plaintiff did not give and could not have given consent for his telephone calls to be recorded or monitored because the lack of warning or disclosure regarding call recording left him unaware at the call outset that Defendants were engaged in that practice. Plaintiff later learned that the call had been recorded at the call outset.

19.     Plaintiff is informed and believes and on that ground alleges that other callers who called Defendants' customer service telephone numbers – including 855-339-0734 -- and were routed to one of Defendants' customer service call centers were not informed at the call outset by Defendants or anyone else that their calls were being recorded and/or monitored. Thus,

---

COMPLAINT             4             Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

2      20.    Because there was no warning that calls would be recorded or monitored,

3  Plaintiff had a reasonable expectation that his telephone conversation with Defendants'

4  employees and agents was, and would remain, private and confined to the parties on the

5  telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff

6  and would be highly offensive to a reasonable person, including members of the proposed

7  Plaintiff Class.

8                        **CLASS ACTION ALLEGATIONS**

9      21.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

10  behalf of themselves and the class (the "PC § 632.7 Class") defined as follows:

11      All California citizens who, at any time during the applicable limitations period

12      preceding the filing of the Complaint in this matter and through and including the date

13      of resolution, called one or more of Defendants' customer service telephone numbers

14      from a cellular or cordless telephone while located within the State of California and

15      whose calls were recorded and/or monitored by Defendants without any warning or

16      disclosure at the call outset.

17      22.    The PC § 632.7 Class that Plaintiff seeks to represent contains numerous

18  members and is clearly ascertainable including, without limitation, by using Defendants'

19  records and/or Defendants' telephone company's and/or other telecommunications and toll-free

20  service providers' records regarding calls to the Comcast customer service telephone numbers

21  to determine the size of the PC § 632.7 Class and to determine the identities of individual PC §

22  632.7 Class members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class

23  definition and/or to add subclasses or limitations to particular issues.

24      23.    By their unlawful actions, Defendants have violated Plaintiff''s and the PC §

25  632.7 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code

26  §§ 630 *et seq.* The questions raised are, therefore, of common or general interest to the PC §

27  632.7 Class members, who have a well-defined community of interest in the questions of law

28  and fact raised in this action.

---

COMPLAINT                            5                         Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    24.    Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now

2   suffers and has suffered from the same violation of the law as other putative PC § 632.7 Class

3   members.  Plaintiff has retained counsel with substantial experience in prosecuting complex

4   litigation and class actions to represent them and the PC § 632.7 Class, and Plaintiff will fairly

5   and adequately represent the interests of the PC § 632.7 Class.

6    25.    This action may properly be maintained as a class action under section 382 of the

7   California Code of Civil Procedure because there is a well-defined community of interest in the

8   litigation and the proposed PC § 632.7 Class is ascertainable.

9   **Numerosity**

10    26.    Based on information and belief, the Class consists of at least seventy-five

11   individuals, making joinder of individual cases impracticable.

12   **Typicality**

13    27.    Plaintiff's claims are typical of the claims of all of the other members of the PC §

14   632.7 Class.  Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same

15   legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff

16   and to all of the other PC § 632.7 Class members.

17   **Common Questions of Law and Fact**

18    28.    There are questions of law and fact common to the PC § 632.7 Class that

19   predominate over any questions affecting only individual PC § 632.7 Class members.  Those

20   common questions of law and fact include, without limitation, the following:

21          a.    Whether Defendants had a policy or practice of recording and/or

22                monitoring inbound telephone calls made to Comcast customer service

23                telephone numbers;

24          b.    Whether Defendants had a policy or practice of not disclosing to inbound

25                callers that their conversations with Defendants' employees or agents

26                would be recorded and/or monitored;

27          c.    Whether Defendants had a policy or practice of not obtaining inbound

28                callers' consent to record and/or monitor conversations between

---

COMPLAINT                                6                      Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Defendants' employees or agents, on the one hand, and inbound callers, on the other;

    d.    Whether Defendants violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

        i.   between inbound callers using cellular and cordless telephones within California and Defendants' employees and agents, and

        ii.   between inbound callers using landline telephones within California and Defendants' employees and agents using cellular or cordless phones; and

    e.    Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

29.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other PC § 632.7 Class members.

**Superiority**

30.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all PC § 632.7 Class members is impracticable and questions of law and fact common to the PC § 632.7 Class predominate over any questions affecting only individual members of the PC § 632.7 Class. Even if every individual PC § 632.7 Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

COMPLAINT             7             Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    to all parties and to the court system resulting from multiple trials of the same factual issues. By

2    contrast, the conduct of this action as a class action with respect to some or all of the issues will

3    present fewer management difficulties, conserve the resources of the court system and the

4    parties and protect the rights of each PC § 632.7 Class member. Further, it will prevent the very

5    real harm that would be suffered by numerous putative PC § 632.7 Class members who simply

6    will be unable to enforce individual claims of this size on their own, and by Defendants'

7    competitors, who will be placed at a competitive disadvantage as their punishment for obeying

8    the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

9         31.    The prosecution of separate actions by individual PC § 632.7 Class members may

10   create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

11   of the interests of other PC § 632.7 Class members not parties to those adjudications or that

12   would substantially impair or impede the ability of those non-party PC § 632.7 Class members to

13   protect their interests.

14        32.    The prosecution of individual actions by PC § 632.7 Class members would run

15   the risk of establishing inconsistent standards of conduct for Defendants.

16        33.    Defendants have acted or refused to act in respects generally applicable to the PC

17   § 632.7 Class, thereby making appropriate final and injunctive relief or corresponding

18   declaratory relief with regard to members of the PC § 632.7 Class as a whole as requested herein.

19   Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will

20   continue unless restrained and enjoined by the Court.

21                        **FIRST CAUSE OF ACTION**
                   **Unlawful Recording and/or Monitoring of**
22                **Cellular and Cordless Telephone Communications**
                   **(Violation of California Penal Code § 632.7)**
23                        **Against All Defendants**

24        34.    Plaintiff incorporates each allegation set forth above as if fully set forth herein

25   and further alleges as follows.

26        35.    On and around April 30, 2017 at 3:00 p.m., and while physically located in

27   California, Plaintiff dialed the 855-339-0734 Comcast customer service telephone number on

28   the advertisement he received using his cellular telephone. Plaintiff called 855-339-0734 to

---

COMPLAINT                                  8                         Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

inquire about the offer on the advertising postcard.

36. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using hardware and/or software or other equipment that enabled them to surreptitiously record and/or monitor conversations with Plaintiff and other PC § 632.7 Class members (a) who made calls to Comcast customer service telephone numbers on their cellular or cordless telephones or (b) who made calls to Defendants' cellular or cordless telephones on their landline telephones. Plaintiff, individually and through investigation by counsel, verified on more than one occasion in 2017 that callers who called 855-339-0734 and were routed to Defendants' customer service representatives routinely were being recorded without having received any warning at the call outset that their calls were being recorded. No warning disclosure was played while callers were on hold waiting to be transferred to a customer service representative, and no warning was given at the call outset after callers were transferred to a customer service representative.

37. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations with Defendants' employees and agents in which one or both parties to the call were using cellular or cordless telephones. Plaintiff, individually and through investigation by counsel, verified on more than one occasion in 2017 that callers who called 855-339-0734 and were routed to Defendants' customer service representatives routinely were being recorded without having received any warning at the call outset that their calls were being recorded. No warning disclosure was played while callers were on hold waiting to be transferred to a customer service representative, and no warning was given at the call outset after callers were transferred to a customer service representative.

38. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of not advising or warning inbound callers such as Plaintiff or PC § 632.7 Class members at the call outset that their telephone communications with Defendants' employees and agents, in which one or both parties to the call were using cellular or

COMPLAINT                                        9                              Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

cordless telephones, would be recorded and/or monitored. Plaintiff, individually and through investigation by counsel, verified on more than one occasion in 2017 that callers who called 855-339--0734 and were routed to Defendants' customer service representatives routinely were being recorded without having received any warning at the call outset that their calls were being recorded. No warning disclosure was played while callers were on hold waiting to be transferred to a customer service representative, and no warning was given at the call outset after callers were transferred to a customer service representative.

39.     Because Defendants did not disclose to Plaintiff or PC § 632.7 Class members at the call outset that their calls were being recorded and/or monitored, Defendants did not obtain, and could not have obtained, Plaintiff's or PC § 632.7 Class members' express or implied advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and PC § 632.7 Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

40.     Defendants' conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiff and PC § 632.7 Class members also are entitled to injunctive relief to enjoin further violations.

COMPLAINT                                    10                        Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

a.  An order certifying the PC § 632.7 Class and appointing Plaintiff Richard Wuest as representatives of the PC § 632.7 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632.7 Class;

b.  An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

c.  A judgment for and award of statutory damages of $5,000 per violation to Plaintiff and the members of the PC § 632.7 Class under California Penal Code § 637.2;

d.  A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

e.  Payment of costs of the suit;

f.  Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g.  An award of pre- and post-judgment interest to the extent allowed by law; and

h.  For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: June 12, 2016

**KELLER GROVER LLP**

By: _____

Eric A. Grover
Attorneys for Plaintiff

---

COMPLAINT                                    11                          Case No. _____

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated: June 12, 2016          **KELLER GROVER LLP**

By: _____

Eric A. Grover
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:<br>Eric A. Grover, Esq. (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO: 415-543-1305     FAX NO: 415-543-7861<br>ATTORNEY FOR *(Name)*: Plaintiff Richard Wuest | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 12 2017<br><br>CLERK OF THE SUPERIOR COURT,<br>By Lanette Buffin, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Wuest v. Comcast Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter     [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG17863621 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2017
Eric A. Grover
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)—Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the*
        *case involves an uninsured*
        *motorist claim subject to*
        *arbitration, check this item*
        *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or*
        *toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil*
        *harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer*
            *or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally*
        *complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal*
        *drugs, check this item; otherwise,*
        *report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex*
        *case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-*
        *domestic relations)*
        Sister State Judgment
        Administrative Agency Award
        *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified*
        *above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-*
        *harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified*
        *above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Wuest v. Comcast Corporation, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | |
|---|---|
| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)  A-13



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                           Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)


Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)


20111239

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
ERIC A. GROVER | SBN: 136080
Keller Grover LLP
1965 Market Street Third Floor  San Francisco, CA 94103

TELEPHONE NO.: (415) 543-1305 | FAX NO. (415) 543-7861 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

FOR COURT USE ONLY

**FILED**
**ALAMEDA COUNTY**
JUN 22 2017
CLERK OF THE SUPERIOR COURT
By _Sue Peaks_
Deputy

Superior Court of California County of Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER:  RICHARD WUEST etc. et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  COMCAST CORPORATION et al. | RG17863621 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*:  Civil Case Cover Sheet Addendum
3. a. Party served *(specify name of party as shown on documents served)*:
   **COMCAST CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Gladys Aguilera - Authorized Agent**
4. Address where the party was served:  **818 WEST SEVENTH STREET, SUITE 930**
   **LOS ANGELES, CA 90017**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **6/19/2017**    (2) at *(time)*: **2:25 PM**

   b. ☐ **by substituted service.**  On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date)*:  from *(city)*:                          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/P151347

BY FAX

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **COMCAST CORPORATION**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **CARLOS CANAS - Specialized Legal Services, Inc.**
  b. Address: **1112 Bryant St., Suite 200 San Francisco, CA 94103**
  c. Telephone number: **(415) 357-0500**
  d. The fee for service was: **$ 145.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☑ independent contractor.
      (ii) Registration No.: **4571**
      (iii) County: **LOS ANGELES**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **6/21/2017**

**Specialized Legal Services, Inc.**
**1112 Bryant St., Suite 200**
**San Francisco, CA 94103**
**(415) 357-0500**
**www.specializedlegal.com/**

**CARLOS CANAS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)



20111238

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>ERIC A. GROVER | SBN : 136080<br>Keller Grover LLP<br>1965 Market Street Third Floor  San Francisco, CA 94103<br>TELEPHONE NO.: (415) 543-1305 | FAX NO. (415) 543-7861 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |
|---|---|

FILED<br>ALAMEDA COUNTY<br>JUN 2 2 2017<br>CLERK OF THE SUPERIOR COURT<br>By _Sue Peso_<br>Deputy

Superior Court of California County of Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

| PLAINTIFF/PETITIONER:  RICHARD WUEST etc. et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  COMCAST CORPORATION et al. | RG17863621 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Civil Case Cover Sheet Addendum

3. a. Party served *(specify name of party as shown on documents served)*:
   **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Gladys Aguilera - Authorized Agent**

4. Address where the party was served:  **818 WEST SEVENTH STREET, SUITE 930**
   **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **6/19/2017**   (2) at *(time)*: **2:25 PM**

   b. ☐ **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:                       or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/P151348

| PETITIONER: RICHARD WUEST etc. et al. | CASE NUMBER: |
|---|---|
| RESPONDENT: COMCAST CORPORATION et al. | RG17863621 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC**
    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☐ 416.10 (corporation) | ☐ | 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ | 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ | 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ | 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ | 415.46 (occupant) |
| | ☑ | other: **LIMITED LIABILITY COMPANY** |

7. **Person who served papers**
  a. Name: **CARLOS CANAS - Specialized Legal Services, Inc.**
  b. Address: **1112 Bryant St., Suite 200 San Francisco, CA 94103**
  c. Telephone number: **(415) 357-0500**
  d. The fee for service was: $ **60.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☑ independent contractor.
      (ii) Registration No.: **4571**
      (iii) County: **LOS ANGELES**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **6/21/2017**

**Specialized Legal Services, Inc.**
**1112 Bryant St., Suite 200**
**San Francisco, CA 94103**
**(415) 357-0500**
**www.specializedlegal.com/**

_____
**CARLOS CANAS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| ERIC A. GROVER | SBN : 136080<br>Keller Grover LLP<br>1965 Market Street Third Floor  San Francisco, CA 94103 | |

TELEPHONE NO.: (415) 543-1305 | FAX NO.: (415) 543-7861 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name):* Plaintiff

FILED
ALAMEDA COUNTY

JUN 2 2 2017

CLERK OF THE SUPERIOR COURT
By_____
Deputy

**Superior Court of California County of Alameda**

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA 94612

BRANCH NAME:

PLAINTIFF/PETITIONER:  RICHARD WUEST etc. et al.

DEFENDANT/RESPONDENT:  COMCAST CORPORATION et al.

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER:
RG17863621

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑  summons
    b. ☑  complaint
    c. ☑  Alternative Dispute Resolution (ADR) package
    d. ☑  Civil Case Cover Sheet  *(served in complex cases only)*
    e. ☐  cross-complaint
    f. ☑  other *(specify documents):*  Civil Case Cover Sheet Addendum
3.  a.  Party served *(specify name of party as shown on documents served):*
    **COMCAST CABLE COMMUNICATIONS, LLC**

    b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    **Gladys Aguilera - Authorized Agent.**

4.  Address where the party was served:  **818 WEST SEVENTH STREET, SUITE 930**
    **LOS ANGELES, CA 90017**

5.  I served the party *(check proper box)*
    a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/19/2017    (2) at *(time):* **2:25 PM**

    b. ☐  **by substituted service.**  On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.

        (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/P151349

BY FAX

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:            (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☑ On behalf of *(specify)*: COMCAST CABLE COMMUNICATIONS, LLC

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: LIMITED LIABILITY COMPANY |

7. Person who served papers

    a. Name: CARLOS CANAS - Specialized Legal Services, Inc.

    b. Address: 1112 Bryant St., Suite 200 San Francisco, CA 94103

    c. Telephone number: (415) 357-0500

    d. The fee for service was: $ 60.00

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner   ☐ employee   ☑ independent contractor.

            (ii) Registration No.: 4571

            (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: 6/21/2017

    **Specialized Legal Services, Inc.**
    **1112 Bryant St., Suite 200**
    **San Francisco, CA 94103**
    **(415) 357-0500**
    **www.specializedlegal.com/**

           **CARLOS CANAS**            ▶
        (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)               (SIGNATURE)