United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WUEST,<br>　　　　Plaintiff,<br>　v.<br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, et al.,<br>　　　　Defendants. | Case No. 17-cv-04063-JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL**<br>Re: Dkt. No. 27 |

Now before the Court for consideration is the motion to stay filed by Defendants Comcast Corporation; Comcast Cable Communications Management, LLC; and Comcast Cable Communications, LLC ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing currently set for December 8, 2017. For the reasons set forth below, the Court HEREBY GRANTS Defendants' motion to stay.

**BACKGROUND**

In June 2017, Plaintiff filed this action in California state court alleging that Defendants violated California Penal Code Section 632.7, which prohibits the recording of telephone conversations without all parties' consent. After removal, Defendants moved to stay this action and to compel arbitration pursuant to an arbitration provision contained in Defendants' Residential Subscriber Agreement. On October 5, 2017, the Court denied Defendants' motion to compel arbitration. Defendants filed a timely notice of appeal of this order, and now seek to have this case stayed pending the outcome of that appeal.

**ANALYSIS**

The Court considers the following four factors in determining whether to issue a stay a case pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Niken v. Holder*, 556 U.S. 418, 434 (2009)). These factors are examined on a flexible "continuum," which is "essentially the same thing as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Id.* at 964-66. Accordingly, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964.

On the first factor, Defendants need not show that it is "more likely than not" that they will prevail on appeal. Rather, Defendants must show that they have a "substantial case for relief on the merits," which the Ninth Circuit has variously defined as a "reasonable probability," a "fair prospect," or that "serious legal questions are raised." *Id.* at 967-68. The Court finds that Defendants have raised "serious legal questions" regarding whether its Residential Subscriber Agreement unambiguously delegates questions of arbitrability to the arbitrator.

The Court also finds that Defendants would be irreparably injured if the Court did not stay this action pending appeal. When a party is denied the opportunity to arbitrate and is required to incur the expense and delay of trial before being able to appeal, "the advantages of arbitration—speed and economy—are lost forever." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). The Ninth Circuit has found that "this consequence 'serious, perhaps, irreparable.'" *Id.*; *see also Ali v. JP Morgan Chase Bank*, No. 13-cv-01184-JSW, 2014 WL 12691084, at *1 (N.D. Cal. Mar. 10, 2014) ("If the litigation proceeded to trial, and then the Ninth Circuit reversed this Court's order denying arbitration, then the benefits of arbitration would have been lost."). The Court also notes that Plaintiff has brought this case as a class action, thus increasing the expense Defendants will incur. *See, e.g.*, *Richards v. Ernst & Young LLP*, No. 08-cv-04988-RMW, 2012 WL 92738, at *3 (N.D. Cal. Jan. 11, 2012); *see also Smith v. Legal Helpers Debt Resolution, LLC*, No. 11-cv-5054-RJB, 2012 WL 12863172, at *2 (W.D. Wash.

Apr. 24, 2012).

The Court next finds that granting Defendants' motion to stay will not substantially injure Plaintiff (or the putative class he seeks to represent). Plaintiff contends that because of the length of time it will take the Ninth Circuit to resolve Defendants' appeal, there is a "likelihood that witnesses will forget key facts and documentary evidence will be lost." (Dkt. No. 32, at 13.) This, however, can be said in any case where a party seeks a stay. Plaintiff has not pointed to any specific witness or documentary evidence in this case that is at risk of being lost. *See Ali*, 2014 WL 12691084, at *1.

Finally, the Court finds that the public interest is in equipoise. On one hand, courts have "found that the federal policy favoring arbitration embodied in the FAA and the economical use of judicial resources lead the public interest to favor a stay, even when other interests are at play." *Antonelli v. Finish Line, Inc.*, No.11-cv-3874-EJD, 2012 WL 2499930, at *3 (N.D. Cal. June 27, 2012). On the other hand, this case involves the alleged surreptitious recording of communications in violation of California law. The Court therefore finds that there is an equally strong countervailing public interest in seeing California's privacy laws enforced. *Cf. Covillo v. Specialty's Cafe*, No. 11-cv-0594-DMR, 2012 WL 4953085, at *5 (N.D. Cal. Oct. 17, 2012) ("[T]he existence of a federal public policy does not necessarily mean that a stay is always in the public interest, particularly given California's own public policy interests in enforcing worker protections.").

Accordingly, the Court concludes that a stay is warranted pending the outcome of Defendants' appeal.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for a stay pending the appeal of the Court's order denying arbitration.

//

//

//

//

1   The parties are ORDERED to submit a joint status report to the Court within 14 days of the
2   Ninth Circuit issuing its mandate in Defendants' appeal.
3   **IT IS SO ORDERED.**
4   Dated: November 20, 2017

_____
JEFFREY S. WHITE
United States District Judge